IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **ROBERT WADE LEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:24-cv-00039 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| **JANE DOE NURSE,** | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Robert Wade Lee, an inmate of the South Central Correctional Facility, filed an Amended Complaint under 42 U.S.C. § 1983 against Nurse Jane Doe. (Doc. No. 8). Under the Prison Litigation Reform Act, the Court must dismiss the Amended Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to a plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the federal Constitution or laws. *Wurzelbacher v. Jones-Kelley*,

675 F.3d 580, 583 (6th Cir. 2012). The Eighth Amendment protects against "cruel and unusual punishments." U.S. Const. amend. VIII. For persons who are incarcerated and cannot care for themselves, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When prison officials are "deliberate[ly] indifferen[t]" to a prisoner's "objectively . . . serious" needs, that violates the Eighth Amendment. *Id*. at 834 (quotations omitted). Deliberate indifference includes (1) a substantial (objective) risk of serious harm and (2) the official's (subjective) knowledge and disregard of that substantial risk. *Id*.; *see Kimble on behalf of Davis v. Williams Cnty., Tenn.*, No. 3:22-cv-00199, 2023 WL 2601929, at *4 (M.D. Tenn. Mar. 22, 2023) (noting that the objective component addresses the conditions leading to the alleged violation and the subjective component addresses the officials' state of mind). Deliberate indifference "entails something more than mere negligence." *Id*. at 835. It is akin to criminal recklessness, requiring actual awareness of the substantial risk. *Id*. at 839-40.

The Amended Complaint alleges that Plaintiff presented to medical "because him arm was infected from needle use" and had swelled to approximately twice its normal size. (Doc. No. 1-1 at 2). Nurse Jane Doe declined to conduct any examination and refused to treat the plaintiff. *Id*. By the next night, Plaintiff's arm had swollen even more. A prison officer directed Nurse Doe to Plaintiff's cell because of the "severity of the swelling." *Id*. Nurse Doe again "refused any medical treatment." *Id*. The next day, a different nurse allowed Plaintiff to go to the infirmary for medical attention. *Id*. at 3. It was determined that Plaintiff needed immediate attention at a hospital. *Id*. Plaintiff was thereafter airlifted to a different hospital and underwent emergency surgery for "compartment syndrome." *Id*. The surgery resulted in two permanently-disfiguring incisions of 6 and 15 inches, respectively, and Plaintiff suffers residual pain the affected area. *Id*.

The Court concludes that Plaintiff states a colorable Eighth Amendment deliberate indifference claim. That is, Plaintiff alleges that there was a substantial risk of harm arising from infection and severe swelling of the arm, that Nurse Jane Doe was aware of that risk, and that Nurse Jane Doe deliberately disregarded that risk on several occasions, causing a delay in medical treatment that ultimately led to emergency surgery for compartment syndrome. These allegations are sufficient to allow Plaintiff's claim for deliberate indifference to proceed against Nurse Doe.[1]

Process, however, cannot be served upon an unidentified individual. Plaintiff **MUST**, therefore, exercise due diligence and conduct a reasonable investigation to promptly determine the full name of Nurse Doe so that process can be timely served under Federal Rule of Civil Procedure 4(m). Plaintiff **MUST** then file a motion to amend the complaint to name the Defendant. This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The Magistrate Judge may take any necessary action related to service of process upon the unnamed Defendant, including providing for Plaintiff to serve early discovery to ascertain Nurse Doe's identity or ordering the warden to provide identifying information.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.